UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 18-447(DSD/KMM)

Rachel Frank and Danielle
Cowette, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.                                                    **ORDER**

Gold's Gym of North Augusta,
South Carolina, Gold's Gym of
Augusta, Georgia (Bobby Jones Exp.),
Gold's Gym of Augusta, Georgia
(Walton Way Ext.) and Gold's Gym
of Evans, Georgia, Gold's Gym of
Aiken, South Carolina,

Defendants.


Thomas J. Lyons, Esq. and Consumer Justice Center, P.A., 367 Commerce Court, Vadnais Heights, MN 55127, counsel for plaintiffs.

Kevin P. Curry, Esq. and Soule & Stull LLC, 8 West 43rd Street, Suite 200, Minneapolis, MN 55409, counsel for defendants.


This matter is before the court upon the motion to dismiss by defendants Gold's Gym of North Augusta, South Carolina; Gold's Gym of Augusta, Georgia (Bobby Jones Exp.); Gold's Gym of Augusta, Georgia (Walton Way Ext.); Gold's Gym of Evans, Georgia; and Gold's Gym of Aiken, South Carolina.[1]  Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

---

[1] The amended complaint incorrectly refers to "Aikens, South Carolina."  Am. Compl. ¶ 12.  The correct name of the town is Aiken.

**BACKGROUND**

This dispute arises out of alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq., by various Gold's Gym franchise locations.   Plaintiffs Rachel Frank and Danielle Cowette, on behalf of an alleged class, claim that they received unsolicited text messages from a Gold's Gym location in Aiken, South Carolina in violation of the TCPA.  Am. Compl. ¶ 1.

In September 2017, Frank and Cowette, who are Minnesota residents, separately visited Gold's Gym in Aiken, South Carolina. Am. Compl. ¶¶ 25, 33.  Because neither of them were members of Gold's Gym, they filled out a form for a guest pass.  Id.  They provided their Minnesota telephone numbers and  indicated that they did not consent to receiving text messages from Gold's Gym.  Id. Nevertheless, plaintiffs claim that, between October 10, 2017, and January 29, 2018, they received a total of eight unsolicited text messages from Gold's Gym, Aiken.[2]  Id. ¶¶ 26-38.

On March 26, 2018, plaintiffs filed an amended complaint against defendant claiming (1) negligent violations of the TCPA and (2) knowing or willful violations of the TCPA.  Defendants now move to dismiss for lack of personal jurisdiction.

---

[2] Frank and Cowette received five and three text messages, respectively.  Am. Compl. ¶¶ 32, 38.  The text messages were allegedly sent using a automatic telephone dialing system.  Id.

## DISCUSSION

### I.   Personal Jurisdiction

#### A.   Standard

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant. Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998). In the absence of an evidentiary hearing, a court "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted). Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements. Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007).

To satisfy due process, a defendant must have "sufficient minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." Romak, 384 F.3d at 984. "Sufficient contacts exist when [a] defendant's conduct and connection with the

3

forum state are such that [it] should reasonably anticipate being haled into court" here.  <u>Coen</u>, 509 F.3d at 905 (citation and internal quotation marks omitted).

A defendant's contacts with the forum state can establish personal jurisdiction under either general or specific jurisdiction.  General jurisdiction is present when, regardless of the cause of action, a defendant's "affiliations with the [forum] State are so continuous and systematic as to render [it] essentially at home in the forum State." <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 754 (2014) (internal quotation marks omitted)(quoting <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 564 U.S. 915, 919 (2011)).  A court has specific jurisdiction when the cause of action "arise[s] out of" or "relate[s] to" a defendant's activities within that state and when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472, 474–75 (1985)(citation and internal quotation marks omitted).

Under either analysis, the Eighth Circuit considers five factors in determining whether personal jurisdiction exists:  "(1) the nature and quality of defendant's contacts with the forum state; (2) quantity of contacts; (3) source and connection of the cause of action with those contacts; and to a lesser degree, (4) the interest of the forum state; and (5) the convenience of the parties." <u>Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.</u>,

65 F.3d 1427, 1432 (8th Cir. 1995).[3]  "The first three factors are of primary importance, and the last two are secondary factors." Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 523 (8th Cir. 1996)(internal quotation marks and citation omitted).

**B.   Sufficiency of Contacts**

Plaintiffs argue that defendants are subject to personal jurisdiction in Minnesota because they sent text messages to Minnesota telephone numbers and used by Minnesota residents and because the alleged TCPA violations arise out of these text messages.[4]  The court disagrees.

First, the amended complaint alleges that Gold's Gym, Aiken sent text messages to Minnesota.  There is no evidence that the other defendants participated in or otherwise coordinated with Gold's Gym, Aiken in sending the text messages at issue or that the other defendants had any other contact with Minnesota.[5]  Also, it

_____

[3] At the hearing, plaintiffs asserted that the court should analogize this case to Fair Debt Collection Practices Act (FDCPA) cases, implying that a different standard of personal jurisdiction may apply.  The court requested additional briefing on the issue. The parties now agree that the Eighth Circuit does not apply a different jurisdictional standard in FDCPA cases.  See ECF Nos. 35, 36.  Accordingly, the FDCPA cases are of minimal value to the court and, although considered, will not be specifically addressed.

[4] There is no evidence, and the plaintiffs do not appear to argue, that the court has general personal jurisdiction over defendants.

[5] Even assuming there was such evidence, these defendants would be dismissed for the same reasons, discussed below, as Gold's

5

is undisputed that the defendants are independently operated franchises.  <u>See</u> Smith Aff. II ¶ 6.  Therefore, the court has no personal jurisdiction over the other defendants.  The only remaining question is whether Gold's Gym, Aiken is subject to the court's jurisdiction.  The court finds that it is not.

Although this TCPA action arises from the alleged text messages, the quality and quantity of the contacts are insufficient to confer jurisdiction.  Generally, "telephone calls, written communications, and ... wire-transfers to and from a forum state do not create sufficient contacts to comport with due process such that" a court can properly exercise personal jurisdiction over a foreign defendant.  <u>Eagle Tech. v. Expander Ams., Inc.</u>, 783 F.3d 1131, 1137 (8th Cir. 2015).  Here, the only contacts alleged are the eight text messages Gold's Gym, Aiken sent to Minnesota cell phone numbers.  These contacts are not such that Gold's Gym would "reasonably anticipate being haled into court" in Minnesota.  <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980).

Plaintiffs insist that the text messages are sufficient because the effects of Gold's Gym's actions were felt in Minnesota.  The court disagrees.

The effects of a defendant's tortious acts[6] can serve as the

---

Gym, Aiken.

[6] The court assumes, without deciding, that text messages allegedly sent in violation of the TCPA are tortious acts.

basis for personal jurisdiction where "the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered - and which the defendant knew was likely to be suffered - [in the forum state].   Johnson v. Arden, 614 F.3d 785, 796 (8th Cir. 2010)(internal quotation marks and citation omitted)(alteration in original).   Even where the effects of a defendant's actions are felt in the forum state, this test is "merely an additional factor to consider when evaluating a defendant's relevant contacts." Id. at 796-97.

Plaintiffs argue that Gold's Gym, Aiken targeted Minnesota because it sent text messages to telephone numbers with Minnesota area codes and because they received many of the text messages while they were in Minnesota.   First, the fact that plaintiffs received text messages while in Minnesota is irrelevant because "the proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects [it] to the forum in a meaningful way."   Walden v. Fiore, 134 S. Ct. 1115, 1125 (2014).   Next, although Gold's Gym, Aiken sent the text messages to phone numbers with Minnesota area codes, this is, by itself, insufficient to show that it "uniquely or expressly aimed" its actions at Minnesota, Johnson, 614 F.3d 796,

because an area code is not a reliable indicator of residence.[7]
See Sojka v. Loyalty Media LLC, No. 14-cv-770, 2015 WL 2444506, at
*3 (N.D. Ill. May 20, 2015)("[A] cell phone prefix, unlike a
landline, is not dispositive of the residence, domicile or location
of the cell phone owner."). Moreover, the court notes that Gold's
Gym provides an inherently local service; most people do not travel
long distances to go to a gym. See Smith Aff. I ¶ 24 ("The
majority of Gold's Gym-Aiken clients live within a ten-minute drive
of the facility."). Accordingly, Gold's Gym could not have
reasonably anticipated being sued in Minnesota by sending eight
text messages to two numbers with Minnesota area codes that were
provided by individuals while in South Carolina and who expressed
interest in attending a South Carolina gym.[8]

Finally, plaintiffs argue that Minnesota has an interest in
providing a forum for its citizens harmed by violations of the TCPA
and that this weighs in favor of finding personal jurisdiction.
Although generally true, this "secondary factor does not outweigh
the due process considerations which strongly support dismissal.

---

[7] The fact that the numbers were allegedly dialed with an
automatic telephone dialing system also weighs against finding that
Gold's Gym expressly aimed its actions at Minnesota or that it knew
that any harm suffered would be felt in Minnesota.

[8] Plaintiffs cite to numerous cases outside this circuit in
which courts exercised personal jurisdiction in TCPA cases based on
the defendant's call to an area code within the forum state. Those
cases are inapposite, however, because none apply the Eighth
Circuit's holding that telephone calls or other communications,
without more, are insufficient to confer personal jurisdiction.

As a result, the court must dismiss the complaint for lack of personal jurisdiction.[9]

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  Defendant's motion to dismiss [ECF No. 24] is granted; and

2.  The case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 28, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[9] Because the court concludes that it does not have personal jurisdiction over defendants, it need not address defendants' argument that the District of Minnesota is an improper venue.